**ARAMARINE BROKERAGE, INC., Plaintiff–Counterclaim–Defendant–Appellant,**

**American Hotel International Group Inc., ARA Purchasing Group, Inc., ASTA PG, Inc., Livery PG, Inc., NAA Purchasing Group, Restaurant Group, Inc., d/b/a Restaurant Group Delaware, Inc., and Silver Car Purchasing Group, Inc., Plaintiffs–Counterclaim–Defendants,**

v.

**ONEBEACON INSURANCE COMPANY, Potomac Insurance Company of Illinois, Defendants–Counterclaim–Plaintiffs–Appellees.***

**No. 07–3294–cv.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2009.

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Epstein, Becker & Green, P.C., and Michael D. Brown, Ohrenstein & Brown, New York, NY, for Plaintiff–Appellant.

Richard A. Ifft (Benjamin J. Theisman, on the brief), Wiley Rein LLP, Washington, DC, and Gregory J. Castano, Jr., Castano Quigley, LLC, West Caldwell, NJ, for Defendants–Appellees.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Plaintiff/counterclaim-defendant Aramarine Brokerage, an insurance agent and broker, appeals from a judgment, which dismissed its claims against defendants/counterclaim-plaintiffs OneBeacon Insurance Company,[1] a property and casualty insurer, and its affiliate Potomac Insurance Company (collectively, "OneBeacon"), and that awarded OneBeacon $1,316,520.11 on its counterclaims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Aramarine challenges the determination of the district court, on OneBeacon's motion for summary judgment, that New York law governed an oral agreement between Aramarine and OneBeacon, and that the oral agreement was unenforceable under New York's Statute of Frauds because its performance could not be completed within one year. *Am. Hotel Int'l. Group Inc. v. CGU Ins. Co.*, No. 01 Civ. 0654, 2004 WL 626187, at *3–6 (S.D.N.Y. Mar.29, 2004) (Casey, *J.*)[2] Aramarine al-

Kenneth J. Kelly (Jennifer Michelle Horowitz, Michael Liberman, on the brief),

---

1. OneBeacon Insurance Company was formerly known as CGU Insurance Company ("CGU"). CGU's predecessor was known as General Accident Insurance Company of America ("General Accident"). Many of the relevant agreements at issue in this case were between Aramarine and CGU or General Ac-

cident. For simplicity, we use "OneBeacon" also when referring to any of OneBeacon's predecessors.

2. This case was assigned initially to U.S. District Judge Richard Conway Casey and, upon

leges that the agreement in question was an oral modification of the Broker's Agreement, which expressly stated that Pennsylvania law governs any disputes arising from the agreement, and that under Pennsylvania law, the Statute of Frauds would have allowed enforcement of the oral agreement. Aramarine contends, therefore, that the district court erred when applying the law of New York instead of Pennsylvania, and improperly ruled against Aramarine.

The Broker's Agreement, as originally drafted, did not provide Aramarine with underwriting authority and was terminable at will. Aramarine alleges that in exchange for its willingness to forsake an exclusivity agreement with one of its clients, OneBeacon agreed orally to two modifications of the Broker's Agreement: (1) the relationship under the Broker's Agreement, rather than being terminable at will, would continue "as long as [Aramarine] want[s] to have a facility with [OneBeacon]" and (2) Aramarine would be given underwriting authority.

For purposes of the motion, the district court, considering the evidence in the light most favorable to Aramarine, determined that the April 2, 1996 telephone conversation, in which Aramarine allegedly obtained these concessions, amounted to an oral agreement. The district court also appears to have determined that this oral agreement was a modification of the Broker's Agreement. Although it was silent about this issue in its memorandum granting defendants' motion for summary judgment, the district court later acknowledged this to be the case when denying the plaintiffs' subsequent motion for reconsideration. See Am. Hotel Int'l. Group Inc. v. OneBeacon Ins. Co., No. 01 Civ. 0654, 2005 WL 1176122, at *2 (S.D.N.Y. May 18, 2005) (Casey, J.) ("[I]n its March 26 Mem-

orandum, this Court held that … an oral agreement *to modify the written at-will Brokers Agreement* violated New York's statute of frauds.") (emphasis added).

Instead of analyzing the validity of the oral modification of the Broker's Agreement under Pennsylvania law, the governing law expressly stipulated in the agreement, the District Court proceeded with a "center of gravity" analysis resulting in its application of New York's Statute of Frauds. *Am. Hotel Int'l. Group Inc.,* 2004 WL 626187, at *4. In this regard, we believe the district court failed to apply New York's choice of law rules correctly. Under New York's choice of law rules, it is clear that "in cases involving a contract with an express choice of law provision … a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction," unless there is fraud, violation of public policy, or no "reasonable basis for choosing the law of the jurisdiction designated by the parties." *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 556 (2d Cir.2000); *Freedman v. Chemical Constr. Corp.,* 43 N.Y.2d 260, 265 n. *, 401 N.Y.S.2d 176, 372 N.E.2d 12 (1977). OneBeacon advanced no persuasive reason why the contractual choice of Pennsylvania law should not be enforced. First, there has been no allegation of fraud. Second, the New York Court of Appeals has held that "[t]he public policy of this State does not prevent the enforcement of an oral modification of a commercial contract where the modification is a valid exercise of powers given the parties by the law governing the agreement." *A.S. Rampell, Inc. v. Hyster Co.,* 3 N.Y.2d 369, 382, 165 N.Y.S.2d 475, 144 N.E.2d 371 (1957). Third, the parties had a "reasonable basis" for selecting Pennsyl-

the death of Judge Casey, reassigned to U.S. District Judge Colleen McMahon.

vania law as it is where the relevant corporate predecessor of OneBeacon was incorporated and had its principal offices, and where the parties negotiated the Broker's Agreement. Accordingly, the district court erred in failing to apply Pennsylvania law.

We express no views on whether Aramarine obtained an oral agreement, and if so, what were its terms. Nor do we express a view on whether any oral agreement made was a modification of the Broker's Agreement. We simply note that because the district court assumed the alleged oral agreement to be a modification of the Broker's Agreement, which specified a choice of Pennsylvania law, in the absence of reasons for rejecting the choice of law made by the parties, the district court should enforce such a contractual choice of law.

Accordingly, we VACATE the judgment of the district court and REMAND the case to the district court for further proceedings consistent with this order.